UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 20-CV-22602-ALTONAGA
MAGISTRATE JUDGE REID

JAMES EDWARD WITHERSPOON,

    Plaintiff,

v.

UNITED STATES GOVERNMENT, et al.,

    Defendants.
_____/

## REPORT AND RECOMMENDATION OF MAGISTRATE JUDGE

### I. Introduction

This matter is before the Court on Plaintiff's *pro se* Complaint filed pursuant to 42 U.S.C. § 1983. [ECF Nos. 1, 5]. This cause has been referred to the Undersigned for consideration and report pursuant to 28 U.S.C. § 636(b)(1)(B) and S.D. Fla. Admin. Order 2019-2. [ECF No. 2].

Plaintiff, **James Witherspoon**, is a prisoner currently incarcerated at Lake Correctional Institution in Clermont, Florida. [ECF No. 1]. Because Plaintiff is a prisoner and proceeding *in forma pauperis* [ECF No. 7], his Complaint must be screened pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A. *See Thompson v. Hicks*, 213 F. App'x 939, 942 (11th Cir. 2007), *cert. denied*, 552 U.S. 994 (2007).

Upon thorough review, as further discussed below, the Undersigned **RECOMMENDS** that Plaintiff's Complaint [ECF No. 1] be **DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

## II.     Facts Alleged in the Complaint

Plaintiff sues the United States Government, the State Attorney's Office, State Attorney Katherine Fernandez-Rundle, and Assistant State Attorney Susan Dannelly. [ECF No. 1 at 1-2]. Plaintiff alleges that on May 27, 1994, he entered into an oral plea agreement with the Defendants. [*Id*. at 3]. In accordance with the agreement, Plaintiff was sentenced to 40 years imprisonment for "each and every case made to run concurrent." [*Id*. at 3-4]. As a result of the oral plea, Plaintiff was given 764 days credit for the time he served while in county jail awaiting disposition of his cases. [*Id*. at 4]. At no time was Plaintiff released on bail or on his own recognizance. [*Id*.].

In June 1994, when Plaintiff was transferred to state prison, he received 764 days of jail time credit as agreed. [*Id.* at 5]. However, on June 16, 1997, the trial court entered an order changing the 764-day credit to only 26 days. [*Id.* at 5-6]. Plaintiff claims that the rescission of this jail credit was "based upon the assertion that Plaintiff was not in custody on [case no.] 92-14788A." [*Id*. at 6].

As relief, Plaintiff requests an order from the Court restoring his jail-time credit to 764 days, and further asks for $10,000 in damages. [*Id.* at 8].

### III. Discussion

A. <u>Standard of Review</u>

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must show that he was deprived of a federal right by a person acting under color of state law. *See Griffin v. City of Opa Locka*, 261 F.3d 1295, 1303 (11th Cir. 2001). Under both 28 U.S.C. § 1915(e)(2)(B)(ii) and 28 U.S.C. § 1915A, a complaint must be dismissed if the court determines that the complaint fails to state a claim upon which relief can be granted. *See Wright v. Miranda*, 740 F. App'x 692, 694 (11th Cir. 2018). When reviewing the complaint, the court takes the allegations made as true. *See Hughes v. Lott*, 350 F.3d 1157, 1159-60 (11th Cir. 2003).

The same standard is used for dismissal for failure to state a claim under Fed. R. Civ. P. 12(b)(6) and § 1915(e)(2)(B)(ii). *See Mitchell v. Farcass*, 112 F.3d 1483, 1490 (11th Cir. 1997). Thus, the Court may dismiss a complaint that fails "to state a claim for relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). To "avoid dismissal for failure to state a claim, a complaint must contain factual allegations that, when accepted as true, allow the court to draw the reasonable inference that the defendant is liable for the alleged misconduct." *Wright*, 740 F. App'x at 694 (citing *Waldman v. Conway*, 871 F.3d 1283, 1289 (11th Cir. 2017) (*per curiam*)).

Although a *pro se* pleading is liberally construed, *see Haines v. Kerner*, 404 U.S. 519, 520-21 (1972) (*per curiam*), it still must "suggest that there is some factual support for a claim." *Wright*, 740 F. App'x at 694. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, at 550 U.S. at 555.).

Finally, under section 1915(e)(2)(B)(ii), courts must dismiss as frivolous claims that are "based on indisputably meritless legal theory" or "whose factual contentions are clearly baseless." *Bilal v. Driver*, 251 F.3d 1346, 1349 (11th Cir. 2001).

B.    Plaintiff's Allegations Are Not Cognizable under § 1983

The Supreme Court has held that a civil rights action is the appropriate course of relief for an inmate "who is making a constitutional challenge to the conditions of his prison life, but not to the fact or length of his custody." *Preiser* v. *Rodriguez*, 411 U.S. 475, 499–500 (1973). *See also Nelson v. Campbell*, 541 U.S. 637, 643 (2004) (explaining that claims challenging the fact of conviction or duration of the sentence "fall within the 'core' of habeas corpus," while claims challenging the conditions of confinement may be brought in a civil rights action under 42 U.S.C. § 1983). Here, Plaintiff's claim falls within the core of habeas relief because his challenge to the calculation of his sentence relates to the fact or duration of his

4

confinement, and not to the conditions of his confinement. Accordingly, his Complaint is not cognizable under § 1983.

C.   Plaintiff's Allegations Are Barred by the Statute of Limitations

Even if Plaintiff's Complaint were cognizable under § 1983, this action is still due to be dismissed because it is barred by the applicable statute of limitations. "To dismiss a prisoner's complaint as time-barred prior to service, it must 'appear beyond a doubt from the complaint itself that [the prisoner] can prove no set of facts which would avoid a statute of limitations bar.'" *Hughes v. Lott*, 350 F.3d 1157, 1163 (11th Cir. 2003) (quoting *Leal v. Ga. Dep't of Corr.*, 254 F.3d 1276, 1280 (11th Cir. 2001)).

In the Complaint, Plaintiff states that the trial court's order, which erroneously stripped him of jail credit, was entered in 1997, more than 22 years ago. All claims under 42 U.S.C. § 1983 are subject to the statute of limitations in the state where the complaint is brought. *See McNair v. Allen*, 515 F.3d 1168, 1173 (11th Cir. 2008). In Florida, the statute of limitations for § 1983 claims is four years. *See Chappell v. Rich*, 340 F.3d 1279, 1283 (11th Cir. 2003); *see also McNair*, 515 F.3d at 1173.

The limitations period began to accrue when "the facts which would support a cause of action are apparent or should be apparent to a person with a reasonably prudent regard for his rights." *Calhoun v. Alabama Alcoholic Beverage Control Bd.*, 705 F.2d 422, 425 (11th Cir. 1983) (citing *Reeb v. Economic Opportunity Atlanta,*

5

*Inc.*, 516 F.2d 924, 930 (5th Cir. 1975)). An action under § 1983 therefore accrues when a plaintiff knows or (if he had acted in a prudent manner) could have known of the underlying claims. *Mullinax v. McElhenney*, 817 F.2d 711, 716 (11th Cir. 1987).

In this case, Plaintiff could have known about the allegedly erroneous jail credit order in 1997, when it was entered by the trial court. This Complaint filed on June 12, 2020, was filed well beyond the four-year statute of limitations and must be dismissed. *See Jones v. Bock*, 549 U.S. 199, 214-15 (2007). Accordingly, Plaintiff's Complaint is due to be dismissed for failure to state a claim upon which relief can be granted.

D. <u>Construing the Complaint as a § 2254 Habeas Petition Still Fails</u>

Finally, to the extent that Plaintiff's Complaint might be construed as a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 because it seeks to contest a state court ruling related to his conviction, it should still be dismissed because it would be an unauthorized successive petition. Plaintiff has already filed at a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 with this Court in Case No. 97-CV-02029-DLG.

Thus, "[b]efore presenting a second or successive petition, the petitioner must obtain an order from the appropriate court of appeals authorizing the district court

to consider the petition as required by 28 U.S.C. § 2244(b)(3) and (4)." Rules Governing § 2254 Proceedings, R. 9.

The Court lacks jurisdiction to decide a successive habeas petition absent authorization from the United States Court of Appeals for the Eleventh Circuit. *See Gonzalez v. Sec'y. for the Dep't. of Corr.*, 366 F.3d 1253, 1297-98 (11th Cir. 2004).

## IV. Recommendations

Based on the above, it is **RECOMMENDED** that Plaintiff's Complaint [ECF No. 1] be **DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

DONE AND ORDERED at Miami, Florida this 22nd day of September, 2020.

_____
UNITED STATES MAGISTRATE JUDGE

cc:
James Edward Witherspoon
0-453942
Lake Correctional Institution
Inmate Mail/Parcels
19225 US Highway 27
Clermont, FL 34715
PRO SE