UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 20-22602-CIV-ALTONAGA/Reid

**JAMES EDWARD WITHERSPOON**,

 Plaintiff,
v.

**UNITED STATES GOVERNMENT**, *et al.*,

 Defendants.
_____/

## ORDER

On June 23, 2020, Plaintiff, James Edward Witherspoon, filed a *pro se* Complaint under the Civil Rights Act, 42 U.S.C. [Section] 1983 [ECF No. 1]; and Memorandum in Law and Facts in Support of the Complaint under the Civil Rights Act, 42 U.S.C. [Section] 1983 [ECF No. 5]. (*See generally id.*). Plaintiff filed the suit *in forma pauperis*. (*See* Mot. Proceed *in Forma Pauperis* [ECF No. 3]; July 14, 2020 Order [ECF No. 7]).

According to 28 U.S.C. section 1915(e), courts are permitted to dismiss a suit filed *in forma pauperis* "at any time if the court determines that . . . (B) the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." *Id.* § 1915(e)(2) (alteration added). On September 22, 2020, Magistrate Judge Lisette M. Reid[1] issued a Report and Recommendation of Magistrate Judge [ECF No. 9], recommending the Complaint be dismissed under the screening provisions of section 1915(e) for failure to state a claim. (*See generally* Report).

When a magistrate judge's "disposition" has been objected to, district courts must review

---

[1] The Clerk referred the case to Judge Reid for a report and recommendation on dispositive matters under Administrative Order 2019-2. (*See* [ECF No. 2]).

the disposition *de novo*. Fed. R. Civ. P. 72(b)(3). When no party has timely objected, however, "the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed. R. Civ. P. 72 advisory committee's note to 1983 addition (citation omitted). Although Rule 72 itself is silent on the standard of review, the Supreme Court has acknowledged Congress's intent was to only require a *de novo* review where objections have been properly filed, not when neither party objects. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985) ("It does not appear that Congress intended to require district court review of a magistrate[] [judge]'s factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings." (emphasis in original; alterations added)). The Supreme Court further stated nothing in the legislative history "demonstrates an intent to require the district court to give any more consideration to the magistrate's report than the court considers appropriate." *Id.* at 150.

Plaintiff has not filed an objection to the Report. The Court therefore reviews the Report for clear error.

Plaintiff's Complaint names the United States Government, the State Attorney's Office, State Attorney Katherine Fernandez-Rundle, and Assistant State Attorney Susan Dannelly as Defendants. (*See* Compl. 1). Plaintiff alleges Defendants improperly rescinded 764 days of jail credit awarded to him in 1994, paraphrasing his claim as a violation of double jeopardy. (*See generally* Compl.; *see also* Mem. 5). The Report outlines the facts contained in Plaintiff's Complaint. (*See* Report 2). The Report concludes (1) Plaintiff's claim is not cognizable under section 1983; (2) Plaintiff's allegations are barred by the applicable statute of limitations; and (3) Plaintiff's Complaint fails even if construed as a 28 U.S.C. section 2254 habeas petition. (*See id.* 4–7). The Report then recommends the Complaint be dismissed. (*See id.*).

The Report provides an accurate summary of the facts and law. (*See generally id.*).

CASE NO. 20-22602-CIV-ALTONAGA/Reid

Plaintiff's claim seeks a speedier relief from his confinement, citing the rescinded jail time credit, and thus is improperly attempting to advance a habeas claim in a section 1983 action. (*See id.* 4–5). The Court can find no clear error in the Report's conclusion that the expiration of the applicable statute of limitations bars Plaintiff's allegations. (*See id.* 5–6). Further, the Court agrees with the Report's finding that Plaintiff's Complaint, if construed as a section 2254 petition, must be dismissed for lack of subject matter jurisdiction. (*See id.* 6–7). In short, the Complaint does not survive section 1915(e) screening.

The undersigned has reviewed the Report, record, and applicable law to assure herself that no clear error appears on the face of the record. In the light of that review, the undersigned agrees with Judge Reid's analysis and recommendation.

For the foregoing reasons, it is

**ORDERED AND ADJUDGED** that the Report **[ECF No. 9]** is **ACCEPTED AND ADOPTED**. Plaintiff's Complaint under the Civil Rights Act, 42 U.S.C. [Section] 1983 **[ECF No. 1]** is **DISMISSED** without prejudice. The Clerk of Court is directed to **CLOSE** this case, and any pending motions are **DENIED** as moot.

**DONE AND ORDERED** in Miami, Florida, this 14th day of October, 2020.

_____
**CECILIA M. ALTONAGA**
**UNITED STATES DISTRICT JUDGE**

cc:   James Edward Witherspoon, *pro se*;
      Magistrate Judge Lisette M. Reid